IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RODNEY CROSBY                                                    PETITIONER
ADC #141905

V.                              NO. 5:09cv00150 JMM-JWC

LARRY NORRIS, Director,                                         RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommendation has been sent to United States District Judge James

M. Moody.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.

If the objection is to a factual finding, specifically identify that finding and the evidence that

supports your objection.   An original and one copy of your objections must be received in

the office of the United States District Court Clerk within fourteen (14) days after being

served with the findings and recommendations.   The copy will be furnished to the opposing

party.   Failure to file timely objections may result in waiver of the right to appeal questions

of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before the District Judge, you

must, at the same time that you file your written objections, include a "Statement of

Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the requested hearing before the District Judge was not offered at a hearing before the Magistrate Judge.

3.     An offer of proof stating the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## RECOMMENDED DISPOSITION

Rodney Crosby, an Arkansas Department of Correction inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 2).   Respondent asserts (docs. 12, 22) that Petitioner's federal habeas claims should be dismissed as procedurally barred due to his failure to properly present them to the state courts.   For the reasons that follow, the petition should be **dismissed in its entirety**.

I.

Following entry of a guilty plea in May 2008 in the Circuit Court of Washington County, Arkansas, Petitioner was convicted of endangering the welfare of a minor and three counts of first-degree battery.   He was sentenced to a total of 900 months of imprisonment, with an additional 180 months suspended.   (Resp't Ex. 1 [doc. 22-2].)

On January 30, 2009, Petitioner filed in the Washington County Circuit Court a state petition for writ of habeas corpus pursuant to Ark. Code Ann. § 16-112-101, *et. seq.*, asking that his criminal case be reopened because his attorney failed to present evidence of his mental problems.  (Resp't Ex. 3 [doc. 22-4].)  The circuit court dismissed the petition for lack of jurisdiction, as state habeas petitions are properly addressed in the county of incarceration. *Crosby v. State*, No. CR 08-537-1 (Washington Co. Cir. Ct. Mar. 2, 2009) (Resp't Ex. 4 [doc. 22-5]).  The circuit court stated that, even if the petition could be considered, it would be denied because the only cognizable issues in a state habeas action were whether the trial court had subject matter jurisdiction at the time of trial and whether the judgment and commitment order was regular on its face.  The circuit court found that the trial court had jurisdiction and that the judgment and commitment order was proper, precluding relief.  *Id.*  Petitioner did not appeal.

On March 30, 2009, Petitioner filed in the Washington County Circuit Court a petition for writ of error *coram nobis.*  (Resp't Ex. 5 [doc. 22-6].)  He alleged:

> I was denied an assistance of psychiatrist, the reason for this was cause my public defender didn't bring my mental problems from the past and any of my records up with the prosecutor attorney.  My public defender had records from the military and also Ozark Guidance Center in Springdale, AR.  I believe that I should have been given the options for assistance of psychiatrist since my case was an capital case.  I didn't understand why I couldn't get this right. ... At the time of my pretrial, I have ask my public defender to ask the prosecution to seek an assistance of psychiatrist.  My public defender advise against this and I kept asking even up to my sentence date.  I have proof that I am mentally unstable and I still believe that I shouldn't been denied an assistance of psychiatrist.  My case was an capital case and I think the prosecution should have seek this too.

*Id.* at 3-4.

The circuit court denied the petition.  *State v. Crosby*, No. CR08-537-1 (Washington Co. Cir. Ct. Apr. 14, 2009) (Resp't Ex. 6 [doc. 22-7]).  In its letter opinion the court stated that it understood Petitioner's claim as alleging that his attorney "failed to obtain the assistance of a psychiatrist for the purpose of raising mental disease or defect as a defense to your case," which was not the limited type of claim that would permit relief in a *coram nobis* action.  The court stated that it had also considered the petition as seeking relief under Ark. R. Crim. P. 37, which provides that post-conviction claims alleging ineffective assistance of counsel must be filed within ninety days of entry of judgment of conviction following entry of a guilty plea.  The court found that Petitioner's petition was not timely filed.  *Id.*  Petitioner appealed.  (Resp't Ex. 7 [doc. 22-8].)

While his *coram nobis* appeal was pending in the Arkansas Supreme Court, Petitioner filed this federal habeas petition, raising the following pro se claim:

> Mental incompetence at the time of plea.  There are records that could have been use[d] to show that I needed to have assistance of [a] psychiatrist and it was not brought up in court.  I do know that I was discharge[d] from the military [be]cause of mental problems and I was going to Ozark Guidance Center in Springdale for the same reason.  I don't know the law very well and it wasn't explain[ed] like it should have been.

(Doc. 2, at 5.)  He asserts that this issue was raised in his *coram nobis* petition.

In response (doc. 12), Respondent liberally construed the petition as asserting two separate claims: (1) that Petitioner's guilty plea was invalid because he was denied the effective assistance of counsel; and (2) that he was mentally incompetent at the time he entered his plea.  Respondent asserted that, because of Petitioner's pending *coram nobis* appeal, the petition should be either dismissed or stayed due to Petitioner's failure to fully exhaust his available remedies in state court, as required by 28 U.S.C. § 2254(b).

4

Counsel was appointed to assist Petitioner in addressing Respondent's arguments and determining how to proceed (doc. 13).  Counsel filed a reply on Petitioner's behalf (doc. 15).  On October 29, 2009, the Court entered an order staying and holding this action in abeyance pending a decision by the Arkansas Supreme Court (docs. 16, 17).

The Arkansas Supreme Court subsequently dismissed Petitioner's appeal of the denial of his *coram nobis* petition.  *Crosby v. State*, No. CR 09-793, 2009 WL 3681664 (Ark. Sup. Ct. Nov. 5, 2009) (doc. 18, at 5-6).  The court read the *coram nobis* petition as contending that Petitioner's "trial attorney failed to utilize [Petitioner's] prior mental health evaluations to obtain the services of a psychiatrist at state expense and thus he was denied the assistance of a psychiatrist at trial."  *Id.* at *1.  The gravamen of this claim, the court held, was that Petitioner's trial attorney was ineffective, and such claims are properly brought pursuant to Ark. R. Crim. P. 37, rather than in a *coram nobis* petition.  The court then concluded:

> Arkansas Rule of Criminal Procedure 37.2© provides that a petition under the rule must be filed within ninety days of the date the judgment was entered if the petitioner pleaded guilty.  Here, appellant filed the petition on March 30, 2009, approximately ten months after the judgment of conviction was entered on May 28, 2008.  Time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and if they are not met, a trial court lacks jurisdiction to consider a Rule 37.1 petition.  *Maxwell v. State*, 767 S.W.2d 303 ([Ark.] 1989).

*Id.* (parallel citation omitted).

On April 8, 2010, Petitioner filed in this Court a motion to lift the stay (doc. 19).  The Court granted the motion, directing the parties to file any additional desired pleadings (doc. 21).  Respondent filed a supplemental response (doc. 22) and, although notified of his opportunity to reply (doc. 23), Petitioner did not do so.

II.

Respondent asserts that the Court cannot review Petitioner's claims because they are procedurally defaulted due to his failure to first raise them in state court in compliance with the applicable state procedural rules.

A.    Law.

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors made there. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see* 28 U.S.C. § 2254(b) & (c) (requiring federal habeas petitioner to pursue all remedies available in the state courts). When a habeas petitioner fails to raise his federal claims in the state courts in a timely and proper manner, he "deprives the State of 'an opportunity to address those claims in the first instance' and frustrates the State's ability to honor his constitutional rights." *Cone v. Bell*, 129 S. Ct. 1769, 1780 (2009). Therefore, when a habeas petitioner defaults his federal claims by failing to raise them in state court in compliance with the relevant state procedural rules, federal habeas review is barred unless the petitioner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider his claims will result in a fundamental miscarriage of justice. *Id.*; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

B.    Petitioner's State Post-Conviction Proceedings.

Under Arkansas law, all grounds for state post-conviction relief are to be brought in a Rule 37 petition. Ark. R. Crim. P. 37.2(b) (2008). This includes all claims that a sentence was imposed in violation of federal or state law, including challenges to the adequacy of

6

counsel's representation and challenges to the validity of a guilty plea.  *Id.* 37.1, 37.2(b); *see Graham v. State*, 188 S.W.3d 893, 895 (Ark. 2004) (if defendant desired to challenge a guilty plea on the ground that his attorney was ineffective in permitting the plea to be entered, " the matter could, and should, have been raised in a Rule 37.1 petition"); *Echols v. State*, 125 S.W.3d 153, 157 (Ark. 2003) (defendant could have pursued mental competency issue in Rule 37 proceedings, either as a claim of ineffective assistance of counsel or as a freestanding issue); *Huddleston v. State*, 5 S.W.3d 46, 50 (Ark. 1999) (Rule 37 is "proper method" for challenging adequacy of counsel's representation).

When conviction is rendered pursuant to a guilty plea, a Rule 37 petition must be filed, in the circuit court which imposed the sentence, within ninety days of the date of entry of the judgment of conviction.  Ark. R. Crim. P. 37.2(c).  Petitioner did not file a Rule 37 petition in the state circuit court, and the time for doing so has expired.  Neither of the post-conviction petitions filed by Petitioner – a state habeas petition and a state petition for writ of error *coram nobis* – constituted a procedurally correct presentation of his claims to the state courts.

Arkansas law is well-established that the only claims cognizable in a state habeas proceeding are whether the trial court has jurisdiction and whether a commitment is facially valid, neither of which was alleged by Petitioner.  *E.g.*, *Meny v. Norris*, 13 S.W.3d 143, 144 (Ark. 2000); *Wallace v. Willock*, 781 S.W.2d 484, 485 (Ark. 1989).   Furthermore, Petitioner's state habeas petition was improperly filed, as it should have been filed in the circuit court in the county where he was incarcerated.   *Lukach v. State*, 255 S.W.3d 832, 834 (Ark. 2007).  These principles are firmly established and regularly followed by the state courts, and Petitioner does not argue otherwise.

As to the *coram nobis* petition, the Arkansas Supreme Court examined Petitioner's allegations and construed them as raising only a claim of ineffective assistance of counsel, *i.e.*, that his trial attorney failed to utilize Petitioner's prior mental health evaluations to obtain the services of a psychiatrist at state expense and thus he was denied the assistance of a psychiatrist at trial.   Under established Arkansas law, an ineffective-assistance claim is outside the purview of a *coram nobis* proceeding, and a *coram nobis* petition is not a substitute for a Rule 37 petition.   *McArty v. State*, 983 S.W.2d 418, 419 (Ark. 1998).   The supreme court stated that Petitioner's *coram nobis* petition was thus properly considered as a Rule 37 petition and, as such, was untimely, having been filed approximately ten months after his judgment of conviction.   Again, Petitioner does not contend that these procedural principles are not firmly established or regularly followed by the state courts.

Respondent argues that the claim made here is the same one that Petitioner made, and that was ruled defaulted, in his state *coram nobis* proceedings.   The Court agrees. First, Petitioner himself asserts that his federal claim was raised in his state *coram nobis* petition (doc. 2, at 5).   Secondly, the substance of the claims is the same.   Although Petitioner titled his claim here as "Mental incompetence at the time of plea," his supporting allegations address only the inaction of counsel regarding the issue.   Specifically, he alleges that records show he was discharged from the military because of "mental problems" and that he received treatment "for the same reason" at Ozark Guidance Center. He says these records show the need for the assistance of a psychiatrist, they were "not brought up in court," and the law "wasn't explain[ed] like it should have been" (*id.*).   The referenced records were not submitted, nor does he specify a diagnosis or the nature of

8

his alleged mental problems.  In the *coram nobis* petition, Petitioner referred to the same records (but did not submit them) and said he was denied the assistance of a psychiatrist because his "public defender didn't bring my mental problems from the past and any of my records up with the prosecutor attorney" (doc. 22-6, at 3).  There is no direct factual allegation, in either the state or the federal action, that he was mentally incompetent at the time of the crime or when he entered his guilty pleas.  Therefore, the Court agrees with Respondent that Petitioner is raising the same ineffective-assistance claim here that he raised in his *coram nobis* petition and that it is defaulted due to his failure to raise it in a timely Rule 37 petition.

To the extent that Petitioner's allegations here can be construed as expressly raising a separate claim of mental incompetence, it is also defaulted due to his failure to frame it as a separate claim in state court.  As he did here, he titled his *coram nobis* claim as "mental incompetence" (doc. 22-6, at 4), but the Arkansas Supreme Court reasonably read his specific factual allegations as making only a claim that counsel was ineffective for failing to pursue the issue.  Under Arkansas law, a conclusory assertion without factual support cannot provide the basis for post-conviction relief.  *See Smith v. State*, 717 S.W.2d 193, 193-94 (Ark. 1986) (Rule 37 and *coram nobis* petitions must contain statements of fact to support allegations; petition was "patently deficient" where it was "couched in conclusory language and unsupported by any facts" as a basis for its claims of ineffective assistance and incompetency to stand trial).  Moreover, it is the prerogative of the state courts to define and apply their post-conviction procedural rules.  *Welch v. Lund*, No. 09-3249, 2010 WL 3034807, *3 (8th Cir. Aug. 5, 2010).  This Court must defer to the Arkansas Supreme Court's construction of Petitioner's allegations and cannot make an independent

determination as to how his post-conviction pleadings should have been interpreted.  *Id.*

Petitioner did not present a free-standing claim of mental incompetence to the state post-

conviction court in a procedurally correct manner, depriving the state courts of an

opportunity to consider it and resulting in a procedural default for purposes of federal

habeas review.  *See Smith v. Groose*, 998 F.2d 1439, 1441 (8th Cir. 1993) (a habeas

petitioner procedurally defaults a federal habeas claim where he failed to specifically allege

facts, not conclusions, which would have entitled him to state post-conviction relief).

Petitioner could have raised and developed a free-standing mental incompetency

claim in a timely Rule 37 petition, *see Echols*, 125 S.W.3d at 157, or could have expressly

framed it as a separate claim and provided factual support in his *coram nobis* petition.  He

did neither.

In summary, Petitioner did not file a Rule 37 petition within the time required by

Arkansas's procedural rules, and neither of his state post-conviction petitions was sufficient

to properly present his federal habeas claims.  His claims are procedurally defaulted, and

federal habeas review is barred unless he can establish cause and prejudice, or actual

innocence.

Cause requires a showing of some impediment, external to the petitioner's defense

and not fairly attributable to him, preventing him from constructing or raising his claims in

state court or complying with the state's procedural rules.  *Coleman*, 501 U.S. at 753.  If no

cause has been shown, the prejudice element need not be addressed.  *McCleskey v. Zant*,

499 U.S. 467, 502 (1991).

Petitioner indicates that the reason for filing a *coram nobis* petition ten months after

his convictions, rather than a timely Rule 37 petition, was that he "didn't know" earlier he

could file a *coram nobis* petition and he "wasn't told by [his] public defender" (doc. 22-6, at 1-2).

The law is clear that a petitioner's pro se status, limited education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently *external* to constitute cause overcoming a procedural default. *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992); *Stanley v. Lockhart*, 941 F.2d 707, 710 (8th Cir. 1991); *McKinnon v. Lockhart*, 921 F.2d 830, 832 n.5 (8th Cir. 1990); *Vasquez v. Lockhart*, 867 F.2d 1056, 1058 (8th Cir. 1988); *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988).

In addition, because there is no Sixth Amendment right to post-conviction counsel, the fact that Petitioner was proceeding without counsel during the period for seeking post-conviction relief cannot create cause to avoid a procedural bar. *Burns v. Gammon*, 173 F.3d 1089, 1093 (8th Cir. 1999). The state has no responsibility to ensure that a criminal defendant is represented by counsel in state post-conviction proceedings; therefore, it is the defendant who must bear the consequences of a failure to follow state procedural rules for presenting post-conviction claims during that period. *Coleman*, 501 U.S. at 754; *accord Wooten v. Norris*, 578 F.3d 767, 778-81 (8th Cir. 2009). In *Morris v. Norris*, 83 F.3d 268 (8th Cir. 1996), the Eighth Circuit specifically rejected a habeas petitioner's argument that there was cause for his procedural default because his trial/appellate attorney failed to advise him of Arkansas's Rule 37 post-conviction remedy and its restrictive time limits. The Court stated that the petitioner's default could not be excused on this basis because he had no right to counsel in post-conviction proceedings. *Id.* at 270. *See also Sexton v. Kemna*, 278 F.3d 808, 816 (8th Cir. 2002) (no cause where trial attorney promised to file timely

11

post-conviction motion but did not do so); *Fuller v. Bowersox*, 202 F.3d 1053, 1059 (8th Cir. 2000) (no cause when trial attorney failed to provide information needed to determine deadline for filing state post-conviction petition).

Thus, Petitioner cannot demonstrate cause from his public defender's failure to inform him about Arkansas's post-conviction remedies.  At the time of his conviction, the law was unambiguous, firmly established, and regularly applied regarding the availability of Rule 37 and its time limitations, and he was expected to comply with the applicable law in order to preserve his claims for federal habeas review, regardless of his attorney's inaction and his own lack of legal representation or legal expertise in the period for seeking post-conviction relief.  *See Morris*, 83 F.3d at 270-71.

Nor does Petitioner's allegation of "mental incompetence" constitute cause.  A defendant is competent to waive post-conviction remedies if he "is not suffering from a mental disease, disorder, or defect that may substantially affect his capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation."  *Anderson v. White*, 32 F.3d 320, 321 (8th Cir. 1994).  A history of mental illness, without more, does not establish legal incompetence.  *Id.* at 321-22.  Unless a federal habeas petitioner makes a conclusive showing of incompetency under this standard during the relevant time period, his alleged mental condition will not establish cause to excuse a procedural default in state court.  *Id.*; *accord Ervin v. Delo*, 194 F.3d 908, 915-16 (8th Cir. 1999); *Malone v. Vasquez*, 138 F.3d 711, 719 (8th Cir. 1998); *Stanley*, 941 F.2d at 709-10.

Other than Petitioner's assertion that he suffers from "mental problems" for which he was discharged from the military and received treatment at some point, neither this record nor the state court record contains evidence of any diagnosed mental disorder or

12

defect, any ongoing medication or mental health treatment at the relevant time, any adjudication of incompetency or incapacity, or any functional disabilities that would prevent him from understanding his position and making rational choices about his legal proceedings.  According to the transcript of his plea hearing (Resp't Ex. 2 [doc. 22-3]), he testified coherently that he understood the charges against him and the effect of a guilty plea, was under no medication, was receiving no medical treatment, had discussed his decision with his attorney, and had no questions for the court (*id.* at 2-4).  He also signed a plea questionnaire (Resp't Ex. 8 [doc. 22-9]), indicating that he understood the proceedings and the effect of pleading guilty; that, for "months," he had been discussing with his attorney the possibility of changing his plea to guilty; that he was under no medical treatment or medication; that he had no complaints about his attorney; and that he had no questions about the proceedings.  At the hearing and in the questionnaire, Petitioner answered all questions responsively and appropriately.  Nothing in the plea-hearing transcript suggests that anyone present in the courtroom saw any indication that he was not competent to enter his plea that day.

This record does not conclusively demonstrate that, during the applicable time period following Petitioner's convictions, any mental deficiencies prevented him from appreciating his grave legal situation, ascertaining that he must take steps to protect his rights, consulting with others and utilizing the resources provided in the prison law library, filing pleadings, and otherwise complying with the state's requirements for post-conviction relief.  Furthermore, Petitioner was able to file, while acting pro se, a state habeas petition, a state *coram nobis* petition, and an appeal of the *coram nobis* denial.  Although he failed to comply with the appropriate procedural requisites, his ability to initiate and follow through

13

with these petitions undermines any claim that he was mentally incompetent during the applicable time period.

Petitioner makes no attempt to fit within the demanding "fundamental miscarriage of justice" or "actual innocence" exception to the cause-prejudice requirement, which will permit federal habeas review only in the "extraordinary" case. *See Schlup v. Delo*, 513 U.S. 298, 324-31 (1995) (exception requires habeas petitioner to support his allegations of constitutional error with new reliable evidence not presented at trial, and to show, in light of the new evidence, "that it is more likely than not that 'no reasonable juror' would have convicted him").  Moreover, the narrow exception does not appear applicable, as Petitioner makes no assertion of factual innocence and presents no supporting evidence whatsoever, much less anything new and reliable.  *Id.* at 316 ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."); *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (exception is concerned with claims of actual as compared to legal innocence); *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006) (exception requires petitioner "to present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted").

Because he has not demonstrated cause and prejudice or actual innocence, Petitioner's claims should be dismissed as procedurally barred.

III.

Accordingly, this 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 2) should be **dismissed in its entirety with prejudice**.  Furthermore, a certificate of appealability should be denied, as Petitioner has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2); Rule 11, Rules Governing § 2254 Cases in United States District Courts.

DATED this 29th day of September, 2010.


_____
UNITED STATES MAGISTRATE JUDGE